[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence December 6, 1991 Date of Application December 6, 1991 Date Application Filed December 12, 1991 Date of Decision August 25, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield.
Docket No. CR91-63528.
William Holden, Esq. Defense Counsel for Petitioner
CT Page 9273 Gerald P. Esenman, Esq. Assistant State's Attorney, for the State.
BY THE DIVISION
After pleas of guilty, petitioner was convicted of burglary in the second degree in violation of General Statutes 53a-101(a) and unlawful restraint in the first degree in violation of General Statutes 53a-95(a).
On the first count a sentence of fourteen years, execution suspended after eight years with three years probation was imposed. On the second count a concurrent sentence of five years was imposed. The total net effective sentence was fourteen years execution suspended after eight years with three years probation with specific conditions.
The state recommended a sentence of fourteen years with execution suspended after nine years. Petitioner reserved the right to argue for less.
The facts underlying the convictions indicates that the victim, a thirty six year old female, was in her home alone. She went to the door in response to a loud sound whereupon petitioner crashed through the glass window and grabbed her in an apparent attempt to commit a sexual assault. At this point two citizens intervened by apprehending petitioner and holding him until the police arrived.
In arguing for a reduction in sentence petitioner's attorney mentioned petitioner's strong religious background and the bizarre nature of the offense. He stated that petitioner was under the influence at the time of the offense. The attorney also stated that petitioner's criminal record was the result of his addiction which caused petitioner to steal to support his habit. The attorney argued that a prison sentence in the five to seven year range would be more appropriate.
Speaking on his behalf, petitioner stated that he CT Page 9274 could offer no excuse for his past life. He said that he did not intend to harm the victim and he was sorry for the harm he had caused her. Petitioner stated that he has no bitterness and he was now ready for help in resolving his addiction problem.
In arguing against any reduction the state's attorney stressed petitioner's bad prior criminal record which included seventeen convictions. He stressed the serious effect which the crime had on the life of the victim and her mother. He also argued that petitioner had never accepted responsibility for the injuries caused and that the sentence should stand.
In imposing sentence the court observed that petitioner was a thirty one year old man with a bad criminal record who failed to take advantage of opportunities to correct his life. The court commented that being high was no excuse for the present crime.
The sentence imposed was well under the maximum prescribed by law and was less than that recommended by the state. In imposing sentence it is appropriate to consider the character of the offender and the protection of the public interest.
Considering factors limiting our review the sentence should not be modified. Connecticut Practice Book 942.
The sentence is affirmed.
Purtill, J. Klaczak, J. Miano, J.
Purtill, J., Klaczak, J. and Miano, J. participated in this decision.